AO 245B (Rev. 10/11) Sheet 1 - Judgment in a Criminal Case

# United States District Court
### District of Minnesota

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>**Keith Michael Novak** | **JUDGMENT IN A CRIMINAL CASE**<br>Case Number: **CR 15-102 RHK/TNL**<br>USM Number: **17759-041**<br>Social Security Number: 2316<br>Date of Birth: 1988<br><br>**James S. Becker**<br>Defendant's Attorney |

**THE DEFENDANT:**

[ ]  pleaded guilty to count(s): .
[ ]  pleaded nolo contendere to counts(s) which was accepted by the court .
[✓]  was found guilty on count(s) 1 & 2 after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2252(a)(1), 18:2252(b)(1), | Interstate Transportation of Child Pornography | October 30, 2012 | 1 |
| 18:2252(a)(4)(B), 18:2252(b)(2) | Possession of Child Pornography | December 11, 2013 | 2 |

     The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on counts(s) **.**
[ ]  Count(s) (is)(are) dismissed on the motion of the United States.
[✓]  Special assessment in the amount of $200.00 to be paid immediately.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances.

|   |
|---|
| April 8, 2016 |
| Date of Imposition of Judgment |
|   |
| s/ Richard H. Kyle |
| Signature of Judge |
|   |
| **RICHARD H. KYLE**, United States District Judge |
| Name & Title of Judge |
|   |
| April 11, 2016 |
| Date |

AO 245B (Rev. 10/11)  Sheet 2 - Imprisonment

DEFENDANT: KEITH MICHAEL NOVAK
CASE NUMBER: CR 15-102 RHK/TNL

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **144 months. This term consists of 144 months on Count 1 and 144 months on Count 2 to run concurrent with each other.**

[✓]   The court makes the following recommendations to the Bureau of Prisons:
      **That the defendant be designated to FCI-Sandstone.**

[✓]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district.
      [ ] at   on .
      [ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      [ ] before   on .
      [ ] as notified by the United States Marshal.
      [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

        Defendant delivered on_____ to _____
a _____ , with a certified copy of this judgment.


                                                            _____
                                                            United States Marshal


                                                       By   _____
                                                            Deputy United States Marshal

Page 2

DEFENDANT:          KEITH MICHAEL NOVAK
CASE NUMBER:        CR 15-102 RHK/TNL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **15 years.  This term consists of 15 years on Count 1 and 15 years on Count 2 to run concurrent with each other.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[✓]    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✓]    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✓]    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[✓]    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons , or any state sex offender registration agency in which he resides, works, is a student, or was convicted of a qualifying offense.

[]     The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this Judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without permission of the court or probation officer;
2)  the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  the defendant shall support his or her dependants and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 10/11)  Sheet 3A - Supervised Release

DEFENDANT: KEITH MICHAEL NOVAK
CASE NUMBER: CR 15-102 RHK/TNL

# SPECIAL CONDITIONS OF SUPERVISION

a   The defendant shall not commit any crimes, federal, state, or local.

b   The defendant shall abide by the standard conditions of supervised release recommended by the Sentencing Commission.

c   The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

d   The defendant shall not associate with persons under the age of 18 except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense and who has been approved by the probation officer.

e   The defendant shall participate in sex offender and/or mental health treatment as approved by the probation officer and shall submit to risk assessment which may include, but is not limited to, physiological testing and polygraph/truth verification testing.  Polygraph testing may be used following completion of primary treatment as directed by the probation officer to monitor adherence to goals and objectives of treatment.  Sex offender assessments and treatment are to be conducted by a therapist approved in advance by the probation office.

f   The defendant shall not possess, view, access, or otherwise use child pornography or any material that is sexually stimulating or sexually oriented or deemed to be inappropriate by the U.S. Probation Officer in consultation with the treatment provider.

g   The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer.

h   The defendant shall provide the probation officer access to any requested financial information, including credit reports, credit card bills, bank statements, and telephone bills.

i   If not employed at a regular lawful occupation, as deemed appropriated by the probation officer, the defendant may be required to perform up to 20 hours of community service per week until employed.  The defendant may also participate in training, counseling, daily job search, or other employment-related activities, as directed by the probation officer.

j   The defendant shall not possess or use a computer or have access to any on-line service without the prior approval of the U.S. Probation and Pretrial Services Office.  The defendant's cooperation shall include, but not be limited to, allowing installation of a computer and Internet monitoring program and/or identifying computer systems, Internet-capable devices, and similar memory and electronic devices to which the defendant has access.  Monitoring may include random examinations of computer systems along with Internet, electronic, and media storage devices under the defendant's control.  The computer system or devices may be removed for more thorough examination, if necessary.

k   The defendant shall submit his person, residence, office, vehicle, or an area under the defendant's control to a search conducted by a United States Probation Officer or supervised designee, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a supervision violation.  The defendant shall warn any other residents or third parties that the premises and areas under the defendant's control may be subject to searches pursuant to the condition.

l

AO 245B (Rev. 10/11)  Sheet 5 - Criminal Monetary Penalties

DEFENDANT:            KEITH MICHAEL NOVAK
CASE NUMBER:          CR 15-102 RHK/TNL

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|          | Assessment | Fine | Restitution |
|----------|------------|------|-------------|
| Totals:  | $200 payable immediately | | $1,000.00 per victim |

[ ]   The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[√]   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all nonfederal victims must be paid before the United States is paid.

| Name and Address of Payee | **Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Carol L. Hepburn<br>In Trust for the 8 Kids Series<br>2722 East Lake Avenue E, Suite 200<br>Seattle, WA 98102 | | $1,000.00 | |
| Law Office of Sara J. Powell, PLLC<br>Re: Keith Michael Novak, Docket Number 15-CR-00102<br>550 W. Portland St.<br>Phoenix, AZ 85003 | | $1,000.00 | |
| | | | |
| TOTALS: | $0.00 | $2,000.00 | 0.00% |

**Payments are to be made to the Clerk, U.S. District Court, for disbursement to the victim.**

[ ]   Restitution amount ordered pursuant to plea agreement **$**.

[ ]   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [√]   the interest requirement is waived for the [] fine [√] restitution.

   [ ]   the interest requirement for the: [] fine  [] restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: KEITH MICHAEL NOVAK
CASE NUMBER: CR 15-102 RHK/TNL

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A     []     Lump sum payment of **$** due immediately, balance due

                  [] not later than , or
                  [] in accordance [] C, [] D, [] E, or [] F below; or

B     []     Payment to begin immediately (may be combined with [] C, [] D, or [] F below); or

C     [✓]     Over the period of incarceration, the defendant shall make payments of either quarterly installments of a minimum of **$25.00** if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR.  It is recommended the defendant participate in the Inmate Financial Responsibility Program while incarcerated; or

D     [✓]     Payments of not less than $25.00 per month are to be made over a period of 15 years commencing 30 days after release from confinement; or

E     []     Payment during the term of supervised release will commence within  (e.g. 30 or 60 days ) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F     []     Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[]     Joint and Several
       Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

[]     The defendant shall pay the cost of prosecution.

[]     The defendant shall pay the following court cost(s):

[]     The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution  principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7)penalties, and (8) costs, including costs of prosecution and court costs.